# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**AL JEROME JACKSON**                                                         **PLAINTIFF**

v.                                                                            **CAUSE NO. 1:17CV48-LG-JCG**

**NANCY A. BERRYHILL, Acting Commissioner**
**of the Social Security Administration**                                  **DEFENDANT**

## MEMORANDUM OPINION AND ORDER
## ADOPTING REPORT AND RECOMMENDATION
## AND DISMISSING APPEAL

BEFORE THE COURT is the [12] Report and Recommendation of United States Magistrate Judge John C. Gargiulo entered in this cause on July 10, 2018. Magistrate Judge Gargiulo recommends that the Court affirm the decision of the Commissioner to deny Plaintiff Jackson's application for disability benefits. Jackson has filed an objection to the Recommendation, and the Commissioner filed a response. After a thorough review of the administrative record, the pleadings submitted by the parties, and the applicable law, the Court adopts the Report and Recommendation and affirms the decision of the Commissioner.

### BACKGROUND

Al Jerome Jackson filed an application for Social Security disability benefits in 2014, alleging he became disabled on March 22, 2010 at the age of forty-two from the effects of Post-Traumatic Stress Disorder (PTSD), depression, anxiety, lower back pain, and diminished hearing in his right ear. His claim was conclusively denied by the Commission on August 23, 2016.

Jackson served in the military during Operation Desert Storm. After his

military service ended in 2010, he worked at the VA Medical Center in Biloxi, Mississippi as a material handler, an escort, and a laundry worker. A vocational expert testified that Jackson could still work as a laundry worker, and further identified dish washer, salvage laborer, and store laborer as other jobs available in the national economy that Jackson could perform.

STANDARD OF REVIEW

In an appeal from a decision by the Commissioner, the Court's review is limited to (1) whether the Commissioner applied the proper legal standard; and (2) whether the Commissioner's decision is supported by substantial evidence. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002).

> Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion. It is more than a mere scintilla and less than a preponderance. A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision. In applying this standard, we may not re-weigh the evidence or substitute our judgment for that of the Commissioner.

*Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (quoting *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000)). It is for the Commissioner to weigh the evidence and to resolve any conflicts. *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

The Court referred the case to the Magistrate Judge for a report and recommendation. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Any party adversely affected by the recommendation issued may file written objections within

fourteen (14) days of being served with the report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A party that files a timely objection is entitled to a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which specific objection is made. *United States v. Raddatz*, 447 U.S. 667, 673 (1980). The objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Moreover, where the objections are repetitive of the arguments already made to the Magistrate Judge, a *de novo* review is unwarranted. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993). Instead, the report and recommendation is reviewed by the district judge for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315-16 (4th Cir. 2005); *see also Camardo v. Gen. Motors Hourly Rate Emp.'s Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) ("It is improper for an objecting party to . . . submit[ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a second bite at the apple when they file objections to a R & R."). A court is not required to make new findings of fact independent of those made by the Magistrate Judge. *Warren v. Miles*, 230 F.3d 688, 694-95 (5th Cir. 2000). Nor is a court required to reiterate the findings and conclusions of the Magistrate Judge. *Koetting*, 995 F.2d at 40.

ANALYSIS

**1. The Commissioner's Review**

In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether

> (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity.

*Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007) (citing *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987)). If, at any step, the claimant is determined to be disabled or not disabled, the inquiry ends. *Id*. at 448 (citing *Lovelace*, 813 F.2d at 58). The burden of establishing disability rests with the claimant for the first four steps and then shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant is able to perform. *Id*.

Here, with respect to the first step, the ALJ found that Jackson had not engaged in substantial gainful activity from the alleged onset date of March 22, 2010 through his date last insured of March 31, 2016. With respect to the second step, the ALJ found that Jackson suffers from severe impairments, i.e., PTSD, depression, and anxiety. Because these impairments did not meet or equal, either singly or in combination, one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, the ALJ determined Jackson's residual functional capacity. She concluded that Jackson could perform a full range of work at all exertional

levels, but limited to simple, routine and repetitive tasks with only occasional contact with the general public, coworkers, or supervisors.  Based on this finding, the ALJ concluded at the fourth step that Jackson could perform his past relevant work as a laundry worker, and there were other jobs existing in significant numbers in the national economy that he could perform.  The ALJ accordingly found that Jackson was not under a "disability" as defined in the Social Security Act and accompanying regulations during the relevant time period.

**2. The Appeal**

Jackson presented four points of appeal.  He contended that the Commission erred by (1) failing to give proper weight to Jackson's treating psychologist Dr. Abston and examining psychologist Dr. Matherne, while overweighting a report from a single non-examining consultant; (2) failing to adequately consider the disability decision of the Department of Veterans Affairs; 3) finding Jackson's testimony about his symptoms not wholly credible; and 4) relying on a flawed hypothetical question to the vocational expert.

Magistrate Judge Gargiulo set out the relevant facts of this case and legal standards, which will not be repeated here, applied the facts to the legal standards, and recommended that the Court affirm the Commission's determination.  Judge Gargiulo determined that substantial evidence supports the ALJ's decisions, which are in accord with the relevant legal standards.  The Magistrate Judge therefore recommends that the decision of the Commissioner be affirmed.

**3. The Objections**

Jackson brings four objections to Magistrate Judge Gargiulo's findings and conclusions. The points of error are the same as the points of appeal, although Jackson's arguments are slightly altered. To a large extent, however, the objections are essentially arguments that the Magistrate Judge failed to correct the ALJ's alleged errors. By making these objections, Jackson seeks reconsideration of arguments he made to the Magistrate Judge, making *de novo* review unwarranted. *Koetting*, 995 F.2d at 40. The Court will review the Report and Recommendation *de novo* where necessary and otherwise for clear error.

*Weighing the Medical Opinion Evidence*

Jackson contends that the Magistrate Judge erred when he noted the inconsistencies between psychologist Nathaniel Abston's reports and psychiatrist John Liberto's reports. Jackson argues that the Magistrate Judge pointed out Dr. Liberto's 2010 statement that Jackson could be placed at another work assignment, but ignored Dr. Liberto's later reports indicating that Jackson continued to suffer PTSD symptoms.

Review of the Report and the record shows that the Magistrate Judge properly noted the inconsistencies in the record which gave the ALJ good cause to consider the weight she would give each doctor's opinions. The records include not only Dr. Abston's and Liberto's notes, but also treatment notes from the VA's PTSD Residential Rehabilitation Program in 2010 and 2014 (Administrative R. 405, 541, ECF No. 8 [hereinafter A.R.]), and Jackson's testimony about his activities. (A.R.

81-100.)  As the Magistrate Judge stated, conflicts in the evidence are for the Commissioner to resolve, and the ALJ explained why she discounted certain opinion evidence.  Because the Court may not re-weigh the evidence nor substitute its judgment for the Commissioner's, *Garcia v. Berryhill*, 880 F.3d 700, 704 (5th Cir. 2018), this objection to the Magistrate Judge's Report and Recommendation is overruled.

*Consideration of the Department of Veterans Affairs Disability Decision*

Jackson argues that it was error for the ALJ to not give any probative weight to the finding by the Department of Veterans Affairs that Jackson is 100 percent disabled.  The ALJ wrote that the VA's decision was "inconsistent with the objective evidence and admissions of record," citing her discussion of the inconsistencies in the record concerning Jackson's condition.  (A.R. 38.)  Magistrate Judge Gargiulo found that the ALJ had discretion to determine what weight she would give to the VA's disability determination, and that there was sufficient evidence to support her decision to give it no weight.  "[T]he VA's determination does not bind the Commissioner; it is merely 'evidence . . . that must be considered.'"  *Garcia*, 880 F.3d at 705 (quoting *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001)).  There is no clear error in the Magistrate Judge's conclusion, and it will be affirmed.

*The ALJ's Evaluation of Plaintiff's Testimony*

Jackson contends that the ALJ erred in evaluating his testimony about his daily activities.  He believes the ALJ did not adequately explain how his activities show he is capable for full-time work or identify any specific findings from the

medical records contradicting his testimony about his impairments.

As the Magistrate Judge stated, the ALJ considered Jackson's testimony about his daily activities and the medical evidence in reaching her conclusion that Jackson's limitations were moderate rather than severe as he alleged. The ALJ thoroughly discussed the entire record and pointed out some specific inconsistencies between Jackson's testimony about his daily activities and the medical evidence. (A.R. 32, 37-38.) The vocational expert testified that jobs existed in the national economy for people with the limitations the ALJ determined were supported by the evidence. Thus, the ALJ was justified in holding that Jackson was capable of full-time work. For these reasons, the Court concludes that the ALJ did not err in evaluating Jackson's testimony about his daily activities.

*The ALJ's Hypothetical Question*

Jackson argues that the ALJ's hypothetical question to the vocational expert failed to properly take into account Jackson's moderate limitations in concentration, persistence, or pace. The Magistrate Judge discussed and rejected Jackson's original argument on this issue. Jackson's argument has now shifted. He interprets the vocational expert's statement that a person missing work frequently could not hold a full-time job to mean that the person could not hold a full-time job if he was off task for a moderate amount of time. Jackson argues that the ALJ should have concluded that Jackson could not work a full-time job because his moderate limitations in concentration, persistence and pace mean he would be off-task for a moderate amount of time. Jackson believes that his deficits could result

in lower job performance and personal injury. He gives as an example the occupation of "poultry eviscerator," classified as "simple" by the DOT, arguing that if he lost concentration he could injure himself with the knife used in that occupation.

The hypothetical posed to the vocational expert by the ALJ was for a full range of work at all exertional levels, limited to simple, routine and repetitive tasks, with only occasional contact with the general public, coworkers and supervisors. (A.R. 112.) An ALJ's hypothetical question to a vocational expert's must reasonably incorporate all of the claimant's disabilities that were recognized by the ALJ. *Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994). The Magistrate Judge discussed precedent in this circuit that supports a conclusion that by specifying jobs that involved only simple, routine and repetitive tasks, the ALJ reasonably incorporated Jackson's moderate limitations in concentration, persistence and pace. *See Bordelon v. Astrue*, 281 F. App'x 418, 422 (5th Cir. 2008).

If Jackson's counsel did not believe the hypothetical question adequately encompassed Jackson's limitations, he was given the opportunity to "correct deficiencies in the ALJ's question by mentioning or suggesting to the vocational expert any purported defects in the hypothetical questions" at the hearing. *See Bowling*, 36 F.3d at 436; (A.R. 114-15.) Although he questioned the vocational expert about whether Jackson could be employed while missing work "two to three days a week or more," counsel did not ask whether being "off-task" a moderate amount of time would preclude Jackson from employment. Failing to raise this

specific issue deprived the ALJ of the opportunity to address and explore it. *Jasso v. Barnhart*, 102 F. App'x 877, 878 (5th Cir. 2004). Jackson should not be permitted to raise it as reversible error when it was not "deemed sufficient to merit adversarial development in the administrative hearing." *Carey v. Apfel*, 230 F.3d 131, 146-47 (5th Cir. 2000).

Furthermore, even if the occupation of poultry eviscerator is not appropriate for Jackson, it is the number of job positions, and not the number of occupations, that the ALJ must consider in deciding whether "work exists in the national economy." 20 C.F.R. § 404.1566(b) ("Work exists in the national economy when there is a significant number of jobs (in one or more occupations) having requirements which you are able to meet with your physical or mental abilities and vocational qualifications."). Jackson does not argue that he cannot or should not perform jobs in the occupations identified by the vocational expert: dishwasher, salvage laborer, and store laborer. In addition to Jackson's past relevant work as a laundry worker, the vocational expert identified a cumulative total of 353,000 jobs in the national economy that Jackson could perform. If the poultry eviscerator occupation and occupations similar to it are eliminated from consideration, the vocational expert nevertheless identified a number of jobs significant enough to sustain the Commissioner's burden. *See Brooks v. Barnhart*, 133 F. App'x 669, 670 (11th Cir. 2005) (noting that the ALJ determines whether a specific number of jobs constitutes a significant number). Identification of occupations that are not suitable for Jackson does not negate the jobs the vocational expert has identified as suitable

and existing in the national economy. The Court finds no error in the ALJ's hypothetical question.

CONCLUSION

For the reasons stated above, the Court finds that the objections to the Magistrate Judge's Report and Recommendation should be overruled. The Report and Recommendation will be adopted as the findings of this Court.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Report and Recommendation [12] entered by United States Magistrate Judge John C. Gargiulo on July 10, 2018, is **ADOPTED** as the findings and conclusions of this Court. This case is **DISMISSED**.

**SO ORDERED AND ADJUDGED** this the 24th day of August, 2018.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE